```
SCOTT H. WECHSLER, ESQ. (SB #100452)
LAW OFFICES OF SCOTT H. WECHSLER
PIER 9, SUITE 100
SAN FRANCISCO, CA 94111-1497
TELEPHONE: (415) 777-9700


Attorneys for Plaintiff
GEORGE TORRES
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GEORGE TORRES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHEVRON PRODUCTS COMPANY, et al.,<br><br>　　　　Defendants.<br>_____ | CASE NO. C-04-02523 SBA<br><br>PLAINTIFF'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS<br><br>**Hearing**<br>Date: October 12, 2004<br>Time: 1:00 p.m.<br>Ctrm.: 3<br>Hon. Judge Susan Brown Armstrong |

## I. NOTICE OF MOTION TO REMAND

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on October 12, 2004, at 1:00 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 1301 Clay Street, Suite 400S, Oakland, California, in the Courtroom of Judge Susan Brown Armstrong, plaintiff will and hereby does move that Court for order remanding this case to State Court and for an order that defendants

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND
Torres v. Chevron, Case No. C04-2523 SBA

1

and its counsel pay moving party the sum of $4,500.00 plus any other fees and costs in bringing this motion.

This motion is made on the grounds that this action was improperly removed, that no federal question existed at the time of removal, and that Plaintiff has met and conferred with defendants advising that he would seek removal and all costs, expenses, and attorneys' fees incurred in so doing.

This Motion is based upon this notice of motion, the memorandum of points and authorities, the Declaration of Scott H. Wechsler and exhibits thereto, the complete files and records in the related action, and upon such other written or oral arguments as the Court may consider in deciding this motion.

## II. <u>MOTION TO REMAND</u>

Plaintiffs move for an order remanding this cause to the Contra Costa Superior Court, and in support of the motion state as follows:

1. Defendants on June 24, 2004, filed their Notice of Removal of this cause from the California Superior Court in and for the County of Contra Costa.

2. In their Notice of Removal, Defendants stated that this cause arose under the Constitution, laws, or treaties of the United States.

3. The Defendants alleged that this cause of action was removable to the Federal District Court under the provisions of 28 U.S.C. § 1441.

4. This cause of action is not subject to the original jurisdiction of the Federal District Court under the provisions of 28 U.S.C. § 1331.

5. There are no separate and independent claims that are removable if sued upon alone.

6. This cause was therefore improperly removed to this court and should properly be remanded to the Contra Costa Superior Court for further proceedings.

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND
Torres v. Chevron, Case No. C04-2523 SBA

2

### III. MEMORANDUM OF POINTS AND AUTHORITIES

#### A. INTRODUCTION

This case was improperly removed. Plaintiff's Complaint does not state a federal cause of action. Accordingly, plaintiff requests that this action be remanded, and that plaintiff be awarded his costs, expenses, and attorneys' fees incurred herein.

A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a). If no federal jurisdiction exists, the court must remand the case back to the state court from where it was removed. 8 U.S.C. § 1447(c). Federal Jurisdiction must exist on the face of the complaint at the time of removal. U.S.C. §1441(a) *See also* <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 391 (1987). No action or amendment after removal can confer federal jurisdiction. <u>Libhart v. Santa Monica Dairy Co.</u> 592 F.2d 1062, 1065 (9th Cir. 1979).

Plaintiff met and conferred with defense counsel and advised that removal was improper and on similar facts such as this the California Northern District Court, following Appellate Court holdings, has not only remanded but awarded plaintiff the costs, expenses, *and* attorneys' fees in bringing the motion to remand. Nonetheless, defendant refused to stipulate to remand. Accordingly, Plaintiff respectfully requests that the Court remand this case to the Contra Costa County Superior Court, and award Plaintiff reasonable attorney's fees and costs as a result of bringing this motion.

#### B. BACKGROUND

On August 2, 2002, Plaintiff George Torres filed his Complaint against defendants in the Superior Court of the State of California for the County of Contra Costa. That Complaint does <u>not</u> state a federal question cause of action. (See Exhibit A to defendants Notice of Removal.)

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND
Torres v. Chevron, Case No. C04-2523 SBA

3

Defendants Answered and this action was subsequently set for Trial to be held before the Contra Costa Superior Court on July 26, 2004.

After defendants refused to Stipulate to allow plaintiff to amend his Complaint to state an Americans with Disabilities Act (hereinafter "ADA") discrimination cause of action based on failure to accommodate. Amendment is not a matter of right and that motion was addressed to the discretion of the Court. *The hearing date for the motion was set for July 30, 2004, <u>after</u> trial was set to commence.* Accordingly, plaintiff's motion was never heard, no amendment was ever filed, and no federal question was ever pled.

Plaintiff's counsel, a sole practitioner, was set to be out of state from June 20, 2004 to June 29, 2004. Accordingly, he provided defendants with a notice advising that they should take no action during said period, and cited authority that should they take any action it may be legally deemed to be a sanctionable offense. [Declaration of Scott H. Wechsler, filed concurrently herewith.] Nonetheless, on June 24, 2004, defendants removed this action pursuant to 28 USC § 1441 – improperly and inaccurately claiming that there was a federal question pled in the State Court action.

As shown below, this Court's jurisdiction is based upon face of the Complaint on file with the Superior Court at the time of removal. No action or amendment after removal can confer federal jurisdiction. Furthermore, the Circuit Courts of Appeal hold that a pending State court motion to permit an amendment, which is subject to the discretion of the Superior Court, does not create a federal question until granted. The Circuit Court holdings have been followed by the Northern District of California. Accordingly, this matter should be remanded.

C.     ***REMOVAL STATUTES ARE CONSTRUED STRICTLY AGAINST REMOVAL***

"The party invoking the removal statute bears the burden of establishing federal jurisdiction." <u>Ethridge v. Harbor House Restaurant</u>, 861 F. 2d 1389 (9th Cir. 1988) citing <u>Williams</u>

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND
Torres v. Chevron, Case No. C04-2523 SBA

4

v. Caterpillar Tractor Co. 786 F.2d 928, 940 (9th Cir.1986), *aff'd*, 482 U.S. 386 (1987).  As shown below, defendants cannot overcome their burden of showing that on the date of removal, federal jurisdiction existed.  Defendants, in their removal papers, even admit that there was not yet a federal question claim.

### D. DEFENDANTS IMPROPERLY REMOVED THIS CASE AS NO FEDERAL QUESTION APPEARED ON THE FACE OF THE COMPLAINT AT THE TIME OF REMOVAL

To properly remove a case there must be a federal question on the face of the Complaint.  28 U.S.C.§1441(a)  *See also* Caterpillar Inc. v. Williams, 482 U.S. 386, 391 (1987).  As held by the Ninth Circuit Court of Appeals, removal jurisdiction is based on the Complaint as of the date the removal petition was filed and no amendment thereafter can confer jurisdiction.  Libhart v. Santa Monica Dairy Co. 592 F.2d 1062, 1066 (9th Cir. 1979). ["In determining the existence of removal jurisdiction based upon a federal question, we must look to the complaint at the time the removal petition was filed."]  As of the date defendants' removal petition was filed, there was no federal claim on the face of the Complaint.

### E. AMENDMENTS *AFTER* REMOVAL CANNOT BE USED TO CONFER FEDERAL JURISDICTION

Defendants' argument, that they consented to plaintiff's amendment *after* removal as a basis for conferring this court with jurisdiction, fails for two reasons.  First, factually, plaintiff was not requesting an amendment to the complaint for defendants to consent to.  [*See* Wechsler Declaration and exhibits thereto.]  Furthermore, and more importantly, a subsequent amendment even with a valid federal claim would not cure lack of federal question jurisdiction at the time of removal.  Libhart v. Santa Monica Dairy Co. 592 F.2d 1062, 1065 (9th Cir. 1979).  As a preliminary matter, federal jurisdiction must be present.  If the case is not removable at the time the petition for removal is first filed, "it cannot be made removable by any statement in the petition

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND
Torres v. Chevron, Case No. C04-2523 SBA

5

for removal or in subsequent pleadings by the defendant." Libhart v. Santa Monica Dairy Co. 592 F.2d 1062, 1065 (9th Cir. 1979).

### F. PENDING STATE COURT MOTION TO PERMIT AN AMENDMENT TO A COMPLAINT IS ADDRESSED TO THE DISCRETION OF THE COURT AND DOES NOT CREATE A FEDERAL QUESTION UNTIL GRANTED

No federal question is created by a motion to grant leave for an amendment because the amendment may ever be permitted. Defendants have incorrectly argued, while admitting that no federal question was yet presented, that their time to remove began to run thirty days from Plaintiff's motion to *permit* filing of the amended complaint. This identical argument has been specifically addressed and denied.

In the case of *Sullivan v. Conway*, the Court of Appeals specifically held that:

> Until the state judge granted the motion to amend, there was no basis for removal. Until then, the complaint did not state a federal claim. It might never state a claim, since the state judge might deny the motion. The statutory language that we quoted [28 U.S.C. § 1446(b) determining the time within which a defendant has to remove an action] speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge.

Sullivan v. Conway, 157 F.3d 1092, 1094 (7th Cir.1998).[1]

Defendants were advised when Plaintiff met and conferred prior to bringing this motion, that the Northern California District Court has followed ht holding in *Sullivan*.

---

[1] In *Sullivan*, the plaintiff, an attorney, claimed that he was defamed because the defendant claimed that he was defamed because the defendant stated that he was "a very poor lawyer." When Sullivan asserted that the time for removal ran from the bringing of the motion to amend, not the granting of the motion to amend (exactly as defendants argue herein) the Court stated that this very argument brought Sullivan "perilously close to establishing the truth of the alleged defamation."

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND
Torres v. Chevron, Case No. C04-2523 SBA

6

In *Desmond v. Bank America Corp*, the Court, in following *Sullivan*, remanded the case and awarded the moving party its costs, expenses, and attorneys' fees in bringing the motion to remand. The Northern California Northern District Court in *Desmond*, specifically held:

> The original complaint does not disclose a ground for removal. Instead, defendants rely on 28 U.S.C. § 1446(b), which requires a party to remove a case to federal court within 30 days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable As the Seventh Circuit has noted, however, this statutory language "speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge." Sullivan v. Conway, 157 F.3d 1092, 1094 (7th Cir.1998). In their notice of removal, defendants cite plaintiffs' "intent to amend a complaint" as the jurisdiction-triggering event. But no motion to amend has been filed, much less an amended complaint. **Under *Sullivan*, removal jurisdiction based on an amended pleading arises only after the subsequent pleading becomes operative**. Similarly, removal in this case based on the addition of parties or claims, if available at all, will become available only upon the filing of an amended complaint.

Desmond v. Bank America Corp, 120 F.Supp.2d 1201, 1203-1204 (N.D. Cal 2000) [Emphasis added].

Here, as in *Desmond*, an amended complaint has not been filed with the Superior Court. Only a Notice of Motion to *request* that the Superior Court grant leave to permit the amendment. This case was not removable until that motion was granted and the amendment filed.

///

///

///

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND
Torres v. Chevron, Case No. C04-2523 SBA

7

### G. PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES AND COSTS IN THE MAKING OF THIS MOTION

28 U.S.C. § 1447(c) authorizes this Court to order defendant to pay plaintiff his "just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." A motion for remand for wrongful removal based on a *proposed* amendment has been held to warrant payment of attorneys' fees. As stated by the Northern California District Court in *Desmond*:

> Defendants' removal was problematic, at best. But, in any event, neither the purported class nor plaintiffs' counsel should be forced to incur the unwarranted expense of defendants' removal whether or not the attempted removal was in good faith or could be buttressed by any "supportable" contentions.

Desmond v. Bank America Corp, 120 F.Supp.2d 1201, 1206. This basis of attorneys' fees does not require a showing that the removal was frivolous or vexatious or lacked an objectively reasonable basis. Moore v. Permanente Medical Group, Inc. 981 F.2d 443, 446 (9th Cir. 1992).

### H. CONCLUSION

For the above cited reasons, plaintiff requests that this Court remand this action to the state court, strike Defendants' improperly filed Amended Answer (which was void *ab initio*), and award plaintiff his costs, expenses and attorneys' fees.

DATED: July 29, 2004                          LAW OFFICES OF SCOTT H. WECHSLER

                                              By: _____
                                              Scott H. Wechsler
                                              Attorney for Plaintiff
                                              GEORGE TORRES

PLAINTIFF'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND
Torres v. Chevron, Case No. C04-2523 SBA

8